**Ronnie JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–150–CR.**

Court of Appeals of Texas, Waco.

May 2, 1991.

Discretionary Review Refused Sept. 25, 1991.

Walter Reaves, Jr., West, for appellant.

John W. Segrest, Criminal Dist. Atty., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Ronnie Johnson appeals his conviction of murder for which he was assessed punishment at life in prison. *See* TEX.PENAL CODE ANN. § 19.02 (Vernon 1989). In two points Appellant complains that the State violated his due process rights when it failed to offer his exculpatory confession into evidence, thereby causing him to have to testify and subject himself to cross-examination. We overrule these points.

When Appellant surrendered to the police for the commission of this offense, he gave a written statement admitting that he

---

shot Michael Davis, but raising the issue of self defense. At trial, the State called witnesses who were present at the scene, and it did not offer Appellant's confession. Appellant objected to the State's failure to offer the confession into evidence, asserting that the State has an obligation to see that justice is done and to present all material evidence to the jury for its decision. The court overruled this objection. When Appellant later testified that the shooting was in self defense, he was impeached with several prior convictions.

Appellant cites article 2.01 of the Texas Code of Criminal Procedure as authority for his claim that the State had a "duty" to offer his confession. Specifically, he cites the portion of article 2.01 which provides:

> It shall be the primary duty of all prosecuting attorneys, including special prosecutors, not to convict, but to see that justice is done.

TEX.CODE CRIM.PROC.ANN. art. 2.01 (Vernon Supp.1991). Appellant provides us with no authority interpreting article 2.01 to mean that the State *must offer into evidence* all exculpatory information it obtains. He reasons that because art. 2.01 requires the State to "see that justice is done," the State has a duty to introduce this type of information into evidence. The State's duty under article 2.01 is to *disclose* information of substantial value to the defense, not to present the defendant's case for him at trial. *See Ex parte Lewis,* 587 S.W.2d 697, 700 (Tex.Crim.App. [Panel Op.] 1979). Appellant admits in his brief that the prosecution disclosed the statement to Appellant's counsel. The State, therefore, discharged its duty under article 2.01. *See id.*

We affirm the judgment.